## STEVENS & CAGGER *vs.* ADAMS.

An action lies at the suit of a *counsellor,* against his client; and the plaintiff is entitled to recover, under a *quantum meruit,* a *reasonable compensation* for his services, in arguing a cause.

COUNSEL FEES. The plaintiffs are partners as attorneys and counsellors at law, and this action was brought by them, to recover for the services of Mr. Stevens, as a counsellor, rendered for the defendant, in arguing in the court for the correction of errors, two causes in which the defendant was a party. For those services, the plaintiffs claimed $300. They also claimed $50, for preparing and drawing maps, to be lithographed for the use of the court on the argument. The cause was referred and the referees allowed the above charges, with others, together with interest from the time of the commencement of the suit. The defendant moved to set aside the report on the grounds: 1. That an action does not lie for the recovery of a compensation as counsel, beyond the fee prescribed by statute; 2. That the charge for preparing the map was not proved, and *is not a    [ *58 ] proper subject of compensation; and 3. That interest was not allowable. The last ground however, was abandoned, should it be held that the charges for counsel fees as made, and for the map were sustainable.

*W. Hay*, for the defendant, insisted that at *common law*, a counsellor cannot maintain an action for his fees. Such is undeniably the law of England, and in this state it has not been held otherwise ; the question never having been directly brought up for adjudication. In 2 Martyn's Lou. R. 281, the whole subject is fully discussed, and it is shewn, not only that by the civil law no compensation can be recovered by an advocate for his services, but that the same rule prevails at common law. He also contended that the statute, regulating the fees of the *officers of courts*, forbade the recovery of a greater sum for services rendered, than is allowed thereby, 2 *R. S.* 622. By the statute, counsel are allowed a retaining fee of *three dollars and seventy-five cents*, and a like sum for arguing a cause, *Id.* 623, § 4 ; and it is expressly enacted, that no judge, justice, sheriff or *other officer whatsoever*, or other person to whom any fees or compensation shall be allowed by law, for any service, shall *take* or *receive* any other or greater fee or reward for such service, but such as is or shall be allowed by the laws of this state, *Id.* 650, § 5. The statute is now broader than it was formerly. The language of the act of 1813, is that no officer or other person shall *exact, demand* or *ask* any greater or other fee, than &c. 2 *R. L.* 3. Attorneys and counsellors are *officers*, and have been so considered by the courts and the legislature, and in support of this proposition, the counsel referred to various cases, and several ƒof the public acts. *Attorneys* are no more *officers* than are *Counsel*, and yet, as it regards attorneys, it has been repeatedly decided, that they can recover no other fees than are allowed by the fee bill. Where is the distinction between them. The statute regulates the fees of *counsel*, as well as the fees of *attorneys ;* why should the one be limited by the statute, and the other not ? Whilst the statute exists, there can be no recovery under a *quantum meruit*, beyond the amount [ *59 ] limited by the statute. He admitted that in *several of the states of the Union, counsel had been permitted to recover their fees by suits at law, but said that in those states, there was no tariff or fee bill, regulating the compensation of counsel.

*S. Stevens*, for the plaintiffs. The civil law, as to the compensation of an advocate or counsellor, does not prevail here. The reward of the Roman advocates was influence with the people, from which grew political distinction and power. With us the reverse is the case. Advocates here must look for other compensation, and they accordingly look to a *quantum meruit*. Whatever may be the rule of the civil law, or the doctrine held in England, in this state it has never been decided that a counsellor cannot by action recover a compensation for services rendered his client. With us the profession of a counsellor is a regular business or calling by which a livelihood is earned, and in which in return for an adequate compensation the services of

the counsellor are bestowed for the benefit of his client. No one here has been deemed to do wrong to his reputation by demanding fees for such services. Men of the purest character for integrity have demanded them, and the right to do so has never been questioned. The relation between the counsellor and his client is created by contract, and like all other contracts may be enforced in a court of law. It is conceded on the other side that in some of the states of the Union the action is sustained, but it is said that in those states there are no tariffs of fees. Allowing the fact to be so, still it is manifest that the rule of the civil law does not prevail in those states, for if it did, tariff or no tariff, the action would not lie.

A counsellor is an officer of the courts in which he pursues his profession, but he is not an *officer* within the purview of the statute regulating fees. It regulates the fees as between party and party, and it may be conceded as between *attorney* and *client*, where there is no special agreement; but does not regulate the compensation as between *counsel* and *client*. The statute has existed a long time and yet it has never been deemed to restrain counsel from *asking and receiving a reasonable compensa-   [ *60 ] tion for their services. The statute forbidding *sheriffs* and all *other officers* taking or receiving any other or greater fee than is allowed for services rendered, applies only to such *officers* as are compellable on the requisition of parties to render the services appertaining, to their offices, but has no application to counsel. Counsel cannot be compelled to render services for any one ; they can be obtained only by contract. The reason of the statute does not apply to a case like the present, and therefore the statute has no application. In *Rickert* v. *Snyder*, 9 *Wendell*, 416, the plaintiff, in an action for breach of the covenant of seizin, was permitted to recover the *counsel fees* paid by him in the defence of the action against him ; and in the court of chancery, to the officers of which court the statute applies equally as to the officers of courts of law, it is every day's practice for the chancellor in decrees relative to trust-estates to allow to counsel such compensation as he deems reasonable, on the assumption no doubt that the statute has no reference to the compensation which counsel are entitled to from their client.

*By the Court*, COWEN, J.  I am inclined to think there is enough collectable from the letters which passed between the plaintiffs and the defendant, connected with the other evidence, to warrant the referees in allowing the charge for the map ; and they might also infer from the letters, that the defendant was originally willing to pay the counsel fees contained in the account. I do not see any force in the objection that the charge for the map was not allowable in its own nature.

The charge for the counsel fees is resisted as inadmissible, in its full ex-

tent, on the ground that, at common law, no such compensation was allowable ; and that the statute gives only a specific sum, viz. $3,75, for arguing every cause. 2 *R. S.* 518. It is added, that this provision renders it especially improper that counsel should recover, as Mr. Stevens finally did here, on a *quantum meruit.* What I have already said of an inference from the letters that Adams consented to pay these counsel fees, [ *61 ] if correct, *obviates the objection that the referees must have gone on a *quantum meruit ;* though I admit the general objection to be still fatal, if the statute was intended to operate as between counsel and client.

The clauses which prescribe the fees of counsel in the court of errors allow " for arguing every cause, or attending for such argument pursuant to notice, $3,75." But it is added, " the foregoing fee shall be allowed only to one counsel on each side, who shall have been actually employed and rendered the service charged." 2 *R. S.* 518, 2*d ed.* § 4. Then in the same volume, *p.* 542, § 4, is a provision that no officer, &c. or other person, to whom any fees or compensation shall be allowed by law, for any service, shall take or receive any *other* or *greater* fee, or reward for such service, but such as is or shall be allowed by the laws of this state. Section seven, on the same page, declares that a violation of the fifth section shall be deemed a misdemeanor. Thus, if the statute prescribing a counsel fee was intended to govern as between a counsellor and his client, not only is Mr. Stevens forbidden to recover, but it would be criminal for him to receive the sum insisted on before the referees, whether the defendant had or had not promised to pay it. The provisions cited are parts of chapter ten, of part third of the revised statutes. This chapter contains various provisions in respect to costs and fees, sometimes as between party and party, and sometimes *both* as between the person employed and the person who retains him, *and* as between party and party. In general the fee bill and all the provisons of chapter ten in respect to fees, are of the latter character, though I apprehend that several of them were never so intended. Retainers to counsel, and their fees on argument especially, wherever they occur in that chapter, (and similar provisions in like words and in like connection have long made part of our statutes,) have always been understood, both by the bench and bar, as intended of taxation merely between party and party. Otherwise the provisions, when taken in their full extent, would seem to be absurd.

Did any one ever suppose, for instance, that, where a party choos-[ *62 ] es to employ two or more *gentlemen as counsel in the court of errors, only one of them could recover any thing of him ? and, if only one, which is the fortunate man who is to get his $3,75 ? for the statute says, that only one counsel on the side which has thus employed two or more, shall be allowed that fee. And how, in such a case, is the prohibi-

tion against, and the penalty mentioned in the subsequent clauses, for receiving fees not allowed by law, to be applied ? There are various other similar provisions in the fee bill against allowing more than a fee to one person. In the court of errors, for instance, a *retaining* fee of $3,75 is to be allowed to one counsel only. Is it possible the statute means to exempt the client from paying a second counsellor retained by him with the first, any fee whatever ? I do not recur to other like provisions. To my mind the legislature could only have intended them to apply when the bill came to be taxed against the unfortunate adversary. The evil was, that costs might be recovered to an oppressive amount, if the prevailing party were allowed to multiply taxable counsel fees, and carry them into the judgment. This accounts for cutting down the fee to so small a sum, limiting it to one counsel, and that counsel *actually employed.* How absurd to suppose that the latter could have been intended to protect the client ; as if it were necessary to say, by statute, that counsel shall not recover a fee when he has never been retained.

I need not cite authorities to show that general words in a statute ought to be so limited in their operation that, while they work the full effect intended by the law makers, they ought not to be so construed as to go farther, especially where, if taken in a literal sense, they will work a wrong, or run into an absurdity. The statute in question is completely operative, though it be applied only as between party and party. Costs are then said to be in nature of a penalty ; and it has always been a conspicuous part of legal policy, not only to construe statutes giving costs against the failing party with great strictness, but to limit the amount by an extent tariff. No one can doubt that this was the primary object in limiting the argument fees of counsel. It seems to me there is very little difficulty, on the face of such *provisions, in saying that, though the words are general  [ *63 ] and may, in some respects, (certainly they cannot in all,) be operative as between counsel and *client*, yet such a consequence was never, to any extent, intended by the legislature.

It is true the clauses prohibiting all persons, under a penalty, from receiving more than the fee bill allows, are also very general ; and, in their broadest extent, comprehend retaining and argument fees to counsel, as well as the fees between attorney and client, solicitor and client, &c. Yet when we see the legislature must have intended to make the fees in question an exception as between counsel and client, it follows that the general words of the latter clauses must so far fail for want of subject matter.

The notion that counsel fees are merely honorary, like a barrister's, sergeant's and physician's fees in England, has never been recognized in this state. On the contrary, I understand there has been a case, perhaps sev-

eral cases, in this court, wherein counsel have been allowed to recover of their clients argument fees on a *quantum meruit*.

The motion to set aside the report of the referees is denied.