## GRAY v. SMITH et al. [1]

(Circuit Court of Appeals, Ninth Circuit. October 4, 1897.)

No. 359.

1. APPEAL AND ERROR—ERRONEOUS RULINGS—CORRECT JUDGMENT.

If, upon writ of error, upon consideration of the whole findings or facts, and upon a proper view of the law applicable thereto, the judgment is right, it will not be reversed merely because the lower court ruled erroneously upon the law of the case.

[1] Rehearing denied November 1, 1897.

2. Breach of Contract—Offer to Perform—When not Necessary.

 When either party to a contract gives notice to the other that he will not comply with its terms, the other need not, in an action for damages for the breach, aver or prove a tender of performance on his part; but the elements of his damages must be certain, and he must show that facts exist from which it may be clearly deduced that he has suffered loss.

3. Vendor without Title—Damage for Vendee's Breach of Contract.

 One who makes a contract to sell real estate of which he has no title, nor the certain means of procuring title, has no right to damages if the purchaser withdraws from the contract.

In Error to the Circuit Court of the United States for the Northern District of California.

Sidney V. Smith and Vincent Neale, for plaintiff in error.

S. C. Denson, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was the plaintiff in an action in the circuit court, brought against the executors of the last will and testament of Edgar Mills, deceased, to recover damages for the breach of a contract of conveyance of real estate. It was alleged in the complaint, in substance, that on October 7, 1891, the plaintiff entered into and signed written agreements with Edgar Mills, whereby he agreed to sell and convey to said Mills, by good and sufficient deed, free of all incumbrance, and the said Mills agreed to buy from him, a certain lot of land situated on Market street, in the city of San Francisco, and that said Mills agreed to pay plaintiff therefor $120,000 in cash, and, in addition, to convey to him in fee, free from all incumbrance, certain tracts of land situate in Colusa and Tehama counties, Cal., aggregating 8,421 acres of land, all of which properties are described in the complaint; that said lot of land in San Francisco was worth to the plaintiff, on October 7, 1891, and thereafter up to the date of breach of the contract, $165,000, and that said 8,421 acres of land were at the same time worth $173,400; that the plaintiff was able, ready, and willing from October 7, 1891, to and until November 18, 1891, to sell and convey to said Mills the said Market street lot, with a good and perfect title, but that on said November 18, 1891, Mills refused to buy the same, or to accept a conveyance thereof, and refused to carry out his agreement, for the reason that the title to said lot was imperfect; that, by reason of such refusal, plaintiff suffered damages in the sum of $128,400. The defendants answered, denying that the plaintiff was able or ready or willing to sell or convey to said Edgar Mills said Market street lot by good or sufficient deed, and denying that said Mills, on November 18, 1891, refused to carry out his part of said alleged contract, and alleging that the plaintiff never at any time had any right, title, or interest in the said Market street lot, and at no time had any right or power to sell or convey the same, or to make a contract to do so. They further alleged that the title to said Market street lot, at the time of said agreements, was vested in Joseph A. Donohoe, except an estate in fee, after the

termination of an estate for the life of one Mary Penniman, in an undivided one-twelfth of said lot, and that the said estate in said undivided one-twelfth was owned by one Robert Penniman and Walter Penniman; and they allege that upon an investigation of the title to the said property, and the disclosure of its condition as aforesaid, it was agreed and conceded by all parties any way interested in the said contract that the title to the said lot was not good, and could not be granted or conveyed to the said Edgar Mills. Thereupon, on October 27, 1891, the contract of sale and purchase was abandoned and rescinded, by the consent of all the parties thereto. A jury trial was waived, and, by stipulation of the parties, the cause was tried before the court.

The findings of the court, so far as they are necessary to be considered on the writ of error, are, in substance, as follows:

On September 16, 1891, Edgar Mills wrote to the plaintiff the following proposition:

"Provided, you take the following described property, situate in Tehama and Colusa counties, as part payment up to one hundred and fifteen thousand ($115,000). I hereby make you an offer to purchase the lot situate on the south side of Market street, in this city [describing the same], at the price of two hundred and forty thousand dollars ($240,000), namely, in cash $125,000, and in land, as above, $115,000. This offer to hold good for three weeks from this date, to enable you to inspect my said lands. Said lands described over page. [Then follows a description of the lands.]"

On October 6, 1891, the plaintiff executed and delivered to the said Edgar Mills a written acceptance of said offer. On October 7, 1891, said Edgar Mills and the plaintiff executed in writing a modification of the foregoing offer and acceptance, whereby the sum to be paid in cash was reduced from $125,000 to $120,000, leaving the total consideration for the Market street lot $235,000. The title to the said Market street lot, at and prior to the commencement of the negotiations, and after the same were broken off, was and remained in Joseph A. Donohoe, Sr. On September 4, 1891, the plaintiff and one J. H. Cavanagh agreed between themselves to share equally the commission payable on the sale of said Market street lot; and on October 7, 1891, the plaintiff acknowledged, in writing, that Cavanagh held an equal interest with himself in the contract with Mills. On September 18, 1891, Cavanagh made a written offer to Joseph A. Donohoe for the purchase of the Market street lot, offering to pay therefor $160,000 cash. Said offer, in writing, was delivered by Cavanagh to one Joseph A. Donohoe, Jr., who was the son and agent of Joseph A. Donohoe, Sr. Donohoe, Jr., knew nothing of the resources or responsibility of the said Cavanagh, and would not enter into a contract to sell to him, but demanded to know of him the name of the proposed purchaser, and was thereupon given the name of Edgar Mills. The said Donohoe Jr., as agent of his father, then executed and delivered to Cavanagh the following paper:

"San Francisco. October 7th, 1891.

"I hereby agree to sell my lot 82 $6/12$ feet, on south side of Market street, immediately east and adjoining the Central Park, between 7th and 8th streets, and running through to Stevenson street, in the rear, to Edgar Mills, for one

hundred and sixty-five thousand dollars. U. S. gold coin ($165,000), payable on delivery of deed after examination of title, say, fifteen days from date. The purchaser to pay half of the taxes for the current year.

"Jos. A. Donohoe, Sr.,
"Per J. A. Donohoe, Jr."

On October 8, 1891, said Edgar Mills was first informed that the Market street lot belonged to said Joseph A. Donohoe, Sr., and was at the same time informed of the execution by him of the foregoing written offer upon his part to sell the same to him, the said Edgar Mills. The interest of Cavanagh in this instrument was thereafter assigned to the plaintiff. Said Edgar Mills never accepted the proposition contained in the said document executed by Joseph A. Donohoe, Sr., under date of October 7, 1891; and neither said Mills, nor said Cavanagh, nor said Gray, ever complied or offered to comply with the terms of said offer. The plaintiff had no right, title. or interest of, in, or to the said Market street lot, save such as he may have gained by or through the several documents above mentioned; and no contract existed between plaintiff and defendants' testator for the purchase of said Market street lot or otherwise, except as therein contained. The plaintiff never paid or offered to pay said Joseph A. Donohoe, Sr., the purchase price demanded by him for said Market street lot, and did not at any time have the means or ability to pay the purchase price demanded by him therefor; and plaintiff never took any steps to procure for the said Edgar Mills the title to the said Market street lot, other than by procuring the above-mentioned written offer of said Donohoe. On November 23, 1891, the said Joseph A. Donohoe, Sr., executed three several deeds of said Market street lot,—one to Edgar Mills, one to J. H. Cavanagh, and one to the plaintiff, Albert E. Gray; tendered the same to the said several grantees, respectively; and demanded from each of them the payment of said sum of $165,000 in gold coin, and one-half the current year's taxes. Each of said grantees refused to accept the said deed or to pay the said purchase price demanded. After the execution by the said Joseph A. Donohoe of said document of October 7, 1891, he delivered an abstract of title of said Market street lot to his attorneys, who, after an examination thereof, wrote on October 23, 1891, calling the attention of Edgar Mills to certain defects which they found in the title and the method of correcting the same. Subsequently, and before November 18, 1891, the attorneys rejected the title to said lot, and reported to said Mills that the title was fatally defective. Thereupon the attorneys of said Mills reported to the plaintiff, stating that they had reported to their client a fatal defect in the title, in consequence of which said Mills had decided not to assume the purchase, and had given notice to Donohoe, Sr., to that effect; whereupon plaintiff expressed his surprise, and said he would see Mr. Donohoe, Sr., about the matter. The said title was not in reality defective, and the said Donohoe had a good, marketable, sufficient, and clear title, deducible of record, to said Market street lot, although, at the time when the said Mills objected to such title, said Donohoe and his attorneys conceded that the objections thereto

made by the attorneys for said Mills were valid, and that said title was in fact defective. The plaintiff herein has not suffered loss or damage through or by any act or omission of the said Edgar Mills, as alleged in the complaint. It is not true that on October 27, 1891, or at any other time, the contract of sale and purchase made between plaintiff and the said Edgar Mills was abandoned or rescinded by the consent of all the parties thereto.

The conclusions of law deduced by the court from the findings are that said plaintiff was never at any time able or ready to convey, or cause to be conveyed, to the said Edgar Mills, the said Market street lot according to the terms of the contract set out in the complaint, and that the plaintiff has suffered no damage; whereupon judgment was rendered for the defendants for costs. 76 Fed. 525.

In the bill of exceptions it is stated that there was no evidence whatever that plaintiff had any financial ability, or that it would have been possible for him to have raised an amount sufficient to pay the price asked by Donohoe for the Market street lot, or that he had completed any arrangement to procure a loan for any amount whatever upon the lands which, under the contract alleged in the complaint, Mills was to convey to him in exchange for the Market street lot. Upon the writ of error in this court it is urged that the circuit court ruled erroneously upon the law of the case in holding that the plaintiff could not recover, for the reason that he failed to prove that he had the "independent ability" to perform the contract, by showing that he had the means to purchase the Market street lot from Donohoe, apart from any benefit to be derived through the cash and the land which were to come from Mills in exchange therefor. If we concede that that ruling was error, it does not follow that the judgment of the circuit court must be reversed. It becomes our duty to consider the whole of the findings, and to determine whether, upon a proper view of the law applicable thereto, the judgment is sustainable. The findings, in brief, are that the plaintiff and Mills had entered into a valid contract, whereby the former was to convey land estimated in the contract at $235,000, in exchange for lands of the latter, estimated at $115,000, and $120,000 in cash. The land which the plaintiff was to convey did not belong to him, and he had not then, nor did he afterwards acquire, any estate or interest therein. He had received a written offer from the owner of the property to sell it for $165,000 cash and one-half the taxes of the current year. The offer was never accepted. It was without consideration. It was a bare offer to sell, and could have been rescinded at any time. In fact, the offer has no bearing upon the decision of this case. It left the property in the same relation to the contract in which it would have stood had there been no such instrument. When Mills withdrew from the contract, he had discovered that the title to the land he was to purchase was not in the plaintiff, but was in Donohoe. It is true that he did not place his refusal to perform upon that ground, but on the ground that the title in Donohoe was found to be defective; but that fact is immaterial so far as this case is concerned. The case presented for our consideration, therefore, is one in which the plaintiff made a contract to sell real estate of which he was not the owner, and in which he had no right, title, nor

interest, nor the ability to compel, by the law or otherwise, a conveyance from the owner.

It is contended by the plaintiff in error that the refusal of Mills to be bound by his contract, before the time for its completion had arrived, excuses the plaintiff from showing or proving that he had the ability to perform the contract upon his part. It is true that where the vendor of property, before the arrival of the time for the completion of his contract of sale or conveyance, disables himself from performing by disposing of the property to another, the purchaser may at once bring his action, and he need not aver or prove tender of the purchase money upon his part, nor his ability to carry out the contract; and, where either party to a contract gives notice to the other that he will not comply with its terms, the other is excused from averring or proving a tender of performance. But, in any case of action upon a contract, the elements of the plaintiff's damage must be certain, and the facts must exist from which it may be deduced that he has suffered loss. One who makes a contract to sell property of which he has no title, nor the certain means of procuring title, presents no facts upon which damage to him may be predicated if the purchaser withdraws from the contract. The pleadings and the finding in this case leave it uncertain whether the plaintiff could ever have acquired title to the Market street lot. So far as the performance of his contract was concerned, he was in no better attitude than one who has disabled himself from carrying out a contract of sale by selling the property to another.

In Bigler v. Morgan, 77 N. Y. 312, the court said:

"However positively a vendee may have refused to perform his contract, and however insufficient the reason assigned for his refusal, he cannot be subjected to damages without showing that he would have received what he contracted for had he performed."—citing Heron v. Hoffner, 3 Rawle, 393, 400; Bank of Columbia v. Hagner, 1 Pet. 464; Traver v. Halsted, 23 Wend. 66.

In Eddy v. Davis, 116 N. Y. 247, 251, 22 N. E. 362, 363, the court said:

"The formal requisite of a tender may be waived, but, to establish a waiver, there must be an existing capacity to perform. Here there was no existing capacity, as, having sold all the adjacent lands, plaintiffs could not perform their covenant to keep open a right of way back of defendant's store."

In Townshend v. Goodfellow, 40 Minn. 312, 41 N. W. 1056, the court said:

"And one who speculates upon that of which he has no control or the means of acquiring it is not a bona fide contractor. But the general rule is that, where a contract is entered into in good faith, it is not necessary that the vendor be actually in the situation to perform it at the time it is entered into, provided he be able at the proper time to place himself in that situation."

In Burks v. Davies, 85 Cal. 110, 24 Pac. 613, the court cited with approval the rule of the English courts that:

"Where a person takes upon himself to contract for the sale of an estate, and is not absolute owner of it, nor is it in his power, by the ordinary course of law or equity, to make himself so, though the owner offer to make the seller a title, yet equity will not force the buyer to take; for any seller ought to be a bona fide contractor, and it would lead to infinite mischief if an owner were permitted to speculate upon the sale of another's estate. Tendring v. London, 2 Eq. Cas. Abr. 680."

Of similar import are Carpenter v. Holcomb, 105 Mass. 285; Lawrence v. Miller, 86 N. Y. 131; Nelson v. Elevating Co., 55 N. Y. 480.

None of the cases cited by the plaintiff in error sustain the doctrine which he contends for. Among others is cited the case of North's Adm'r v. Pepper, 21 Wend. 636, where it was held, that if a purchaser of property gives notice to the vendor that he has abandoned the contract, and will not accept a conveyance, it is sufficient to support an action of covenant by the vendor to allege the fact that he has received such notice, and it is not necessary that he aver a tender of the deed or readiness to perform, nor that he had title to the premises which he had agreed to convey. But the court in that case expressly recognized the principle that, if the vendor had not the title nor such contractual relation thereto as to render it certain that he could procure the same, he had no ground upon which to recover damages, and held that, in the case of notice of refusal to perform the contract upon the part of the purchaser, it would be a sufficient defense to an action by the vendor to plead that the latter had no title. The case at bar comes directly within the principle declared in that case. It is alleged in the answer in the record in this case that the plaintiff had no title to the Market street lot, and that allegation is affirmatively sustained by the findings. Judgment will be affirmed, with costs to the defendants in error.