BROWN et al. v. LEE et al.

(Circuit Court of Appeals, Fifth Circuit. December 26, 1911. Rehearing Denied January 30, 1912.)

No. 2,159.

1. VENDOR AND PURCHASER (§ 58*)—CONTRACT TO CONVEY—BREACH.
    Under a contract to convey land on making of a cash payment and execution of certain notes, the covenants of the parties were interdependent, precluding the contract vendor from recovering damages for the purchaser's refusal to perform, where the former had no title to the land to be conveyed, he having merely an escrow agreement for delivery of title on part payment by him and execution of notes for the balance.
    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 88; Dec. Dig. § 58.*
    Marketable title, see note to New York Life Ins. Co. v. Lord, 40 C. C. A. 592.]

2. VENDOR AND PURCHASER (§ 322*)—CONTRACTS—ABILITY TO PERFORM—BREACH BY VENDEE.
    Unless the contract vendor has title to the land or certain means of procuring it, he is not able and ready to perform a contract requiring him to convey by warranty deed to the vendee, and he cannot recover in an action for breach of the contract by the vendee, who withdraws from the same.
    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 944-947; Dec. Dig. § 322.*]

3. VENDOR AND PURCHASER (§ 322*)—CONTRACT—BREACH BY VENDEE.
    Where contract vendor has not means of obtaining title to the land he contracted to convey, he cannot supply the deficiency, in an action for breach of the contract by the vendee, by evidence that, if the vendee had made a cash payment, the vendor would have then been able to obtain

---

title, where the vendee was not required to make the payment until he received title from the vendor.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 944–947; Dec. Dig. § 322.*]

In Error to the Circuit Court of the United States for the Northern District of Texas.

Suit by R. M. Lee and another against E. F. Brown and another. Judgment for complainants, and defendants bring error. Reversed and remanded.

This action was brought by the defendants in error against the plaintiffs in error for a breach of the following contract:

"This contract and agreement for the purchase and sale of certain lands lying and being situate in Howard county, Ark., and other lots and parcels of land and town lots lying and being situate in Canyon City, Tex., made and entered into by and between R. M. Lee, party of the first part, and E. F. Brown, party of the second part, witnesseth: That the said R. M. Lee hereby contracts and agrees to sell unto the said E. F. Brown, and to convey to him by deed with covenants of warranty within 60 days from the date of this contract the following described lands (we omit description), containing 1,562½ acres, lying and being situated in Howard county, Ark. And the said E. F. Brown, party of the second part, hereby contracts and agrees to pay for said lands the sum of twelve thousand dollars, to be paid at the times and in the manner as follows: Thirty-five hundred dollars in cash, two thousand dollars in lands and lots situated in Canyon City, Texas, and the balance of sixty-five hundred dollars to be evidenced by four promissory notes of even date with said deed, due and payable as follows: One note for $2,000 due 12 months after date, one note for $500 due 18 months after date, one note for $2,000 due 24 months after date, and one note for $2,000 due 36 months after date, all bearing interest from date at the rate of eight per cent. per annum, the payor having the right to pay off said notes or any of them at any time before they shall severally fall due if he so desires. And it is understood and agreed that the property put in as a part of the purchase money of the above-described lands is and shall be described as follows: A. E. Brown, father of the party of the second part, at the same time of the execution of the deed to the above-described lands is to convey by warranty deed to R. M. Lee and H. A. Forsythe, the following lots and town lots in Canyon City, Randall county, Tex., to wit: The north half of block 13, Victoria addition. All of block 7, Lair addition, and the north half of block 8, Lair addition, the same comprising in all 24 lots, each being of the dimension of or about 50 ft.x150 ft., for the agreed and stipulated price of $4,000, $2,000 of which is already as stated to be put in as purchase money on the lands aforesaid and for the balance of $2,000 purchase money, the said R. M. Lee and H. A. Forsythe is to execute a deed of trust on said lots so conveyed to them to secure their promissory note to A. E. Brown, due and payable on or before 12 months after date, it is understood and agreed that on the lots in Canyon City, Tex., there are now three houses, and when the deed is made to these lots, the grantor, A. E. Brown, is hereby bound by the party of the second part to turn over these houses to the grantees in good repair. It is understood and agreed that the grantors of the several tracts and parcels of land provided for in this contract, shall furnish to the grantees a complete abstract of title to the several tracts of land and town lots, and the same shall be conveyed by warranty deeds. Said abstracts of title shall be submitted to and approved by some competent lawyer or land man before accepted by the several grantees. It is further agreed that the party of the first part shall deliver and turn over to the party of the second part the lands agreed to be deeded to the party of the second part, free from all rights for sale of timber made to other parties or for any other purposes. In other words, the party of the second part is to take said lands free from all

incumbrances. It is further understood and agreed that E. F. Brown shall deposit his note for $200. and R. M. Lee and H. A. Forsythe shall deposit their note for $100 each, due and payable 70 days after date, and bearing interest from maturity until paid at the rate of 10% per annum, to bind this trade, and if paid then, their several notes are to be credited with said sum. Said notes are to be left in escrow with the Farmers Bank of Washington until after the expiration of the said 70 days, then to be turned over to the parties justly entitled to the possession of the same.

"This contract is made in duplicate, each of the contracting parties retaining a copy of the same, and it is now signed, sealed and delivered in duplicate at the Farmers Bank of Washington on this the 10th day of February, A. D. 1908.    [Seal.]  R. M. Lee, Party of the First Part.
                              "[Seal.]  E. F. Brown, Party of the Second Part."

The court directed a verdict for the plaintiffs (defendants in error), and that ruling raises the only question that it is necessary to consider. The facts, so far as they are pertinent to the decision, are stated in the opinion.

C. B. Reeder, for plaintiffs in error.

S. H. Madden and W. H. Kimbrough (Madden, Trulove & Kimbrough and Sain & Sain, on the brief), for defendants in error.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

SHELBY, Circuit Judge (after stating the facts as above). This is an action for damages for breach of a written executory contract of sale brought by the vendor and others against the vendee and another. The contract, in brief, is an agreement by R. M. Lee to convey 1,562½ acres of land situated in Arkansas to E. F. Brown, for which E. F. Brown agrees to pay Lee $12,000, as follows: $3,500 in cash, $2,000 in lands situated in Texas, and the balance to be secured by four notes—one for $2,000 due 12 months after date, one for $500 due 18 months after date, one for $2,000 due 24 months after date, and one for $2,000 due 36 months after date, all bearing interest at 8 per cent. per annum—Brown to have the right to pay the notes or any of them at any time before they severally become due if he so desires. The grantors were to furnish the grantees abstracts of title, and the conveyances were to be warranty deeds. The agreement provides that Lee shall "deliver" to Brown the Arkansas lands "free from all rights for sale of timber made to other parties or for any other purposes."

At the time the contract was made it was known that the title to the Arkansas lands was in four persons named Barefield, one of whom was a minor. It was understood by the parties that Lee was to obtain a good title from the Barefields and convey the same to Brown. After the time for completing the sale had been extended at Brown's request, Brown, after much correspondence, refused to make the purchase, writing to Lee's attorney October 7, 1908, a plain refusal, saying that the "trade is off; this is final." The refusal was based on the alleged ground that there were incumbrances on the Arkansas lands. Much of the conflicting evidence and many of the conflicting contentions in the case relate to the questions whether or not incumbrances really existed, and whether or not the Barefields, one of them being a minor, could make to Lee a good title, or a title that would

enable Lee to comply with his contract with Brown. But the view we take of the case makes it unnecessary to consider and decide the grave questions raised by the evidence relating to these contentions. We are of the opinion that the case may be decided on evidence about which there is no dispute or conflict.

After Brown refused to perform the contract this action was brought. The plaintiffs' petition recites the material parts of the contract, and alleges the breach by the refusal of Brown to complete the purchase, averring that the plaintiffs "have ever been and still are ready, willing, and able, and that they have offered and tendered to the defendants complete and perfect performance of all obligations, covenants, and requirements contained in said contract to be performed by them. * * *" The answer of the defendants denied the material averments of the petition.

[1] Lee, the vendor named in the agreement, never at any time had title to the land. He was to obtain title from the Barefields, under an agreement with them, for $9,000, and his profit was to be the difference between such sum and the larger amount of $12,000 for which he agreed to sell the lands to Brown. The controlling fact in the case, about which there is no controvery, is that Lee never obtained such title, and was never in a position to be certainly able to obtain it. A deed was executed by the Barefields to him and placed in the hands of a third party, but it was not to be delivered to him till he paid in cash $3,000 of the purchase money and secured the remainder—$6,000 —by his notes. His own testimony is to the effect that he never paid the cash and never received the deed conveying the title to him, and that he did not have the money to make the cash payment. His evidence and his correspondence with Brown show that he depended on Brown to make the cash payment on the contract here sued on so that he could use the money to complete the purchase from the Barefields.

The covenant of Brown to pay to Lee $3,500 in cash and the covenant of Lee to convey an unincumbered title to the lands to Brown are dependent covenants. Brown had no right to demand the conveyance from Lee before he had paid the $3,500, and certainly Lee had no right to demand of Brown the payment of the $3,500 before he was able to convey the title to him. Bank of Columbia v. Hagner, 1 Pet. 455, 7 L. Ed. 219. A different construction of such contracts might lead to the greatest injustice, for a purchaser, to avoid a breach of his contract, might be forced to pay the purchase money and yet fail to obtain the property for which he had paid it. The delivery of the deed and the payment of the purchase money in such contracts are to be concurrent acts. Brown v. Davis, 138 Mass. 458; 1 Warvelle on Vendors, p. 419, § 7. The seller is not required to part with his property without receiving the consideration and the purchaser is not required to part with his money without receiving the title to the land. It follows that, when the vendor wishes to recover for an alleged breach of the contract by the vendee, he must allege and prove an actual performance of the agreement on his part, or, in cases where

he has not performed, it must be alleged and proved that he is ready, willing, and able to perform.

[2] Unless the vendor has the title to the land or the certain means of procuring it, he is not ready and able to perform a contract requiring him to convey it by warranty deed to the vendee, and he cannot, therefore, recover in an action for damages for a breach of the contract by the vendee, who withdraws from the contract. Gray v. Smith, 83 Fed. 824, 28 C. C. A. 168; Heron v. Hoffner, 3 Rawle (Pa.) 393; Forrer v. Nash, 35 Beav. 167, 55 Eng. Rep. 858; Brewer v. Broadwood, 22 Chan. Div. 105; Townshend v. Goodfellow, 40 Minn. 312, 41 N. W. 1056, 3 L. R. A. 739, 12 Am. St. Rep. 736; Bigler v. Morgan, 77 N. Y. 312; Eddy v. Davis, 116 N. Y. 247, 22 N. E. 362; Everson v. Kirtland, 4 Paige (N. Y.) 628, 27 Am. Dec. 91; Smith v. Lamb, 26 Ill. 396, 79 Am. Dec. 381; Richards v. Allen, 17 Me. 296; 2 Warvelle on Vendors, p. 948, § 7.

Lee, the vendor, contends that the proof shows that the Barefields had executed to him a deed conveying a good, unincumbered title, and that the deed was so deposited that if Brown had complied with his agreement he could and would have used the cash received from Brown to have paid the Barefields, and that he would have then been able to make a proper deed to Brown. We waive the consideration of Brown's contention that the title to Lee from the Barefields would have been defective if delivered to him. Conceding that it would have been good, Lee's right to recover would depend on his right to require Brown to advance the money with which he would obtain the title from the Barefields. Brown had not contracted to do this. By his contract he was to pay the purchase money concurrently with his receipt of the title from Lee.

[3] In Gray v. Smith, supra, when that case was tried in the Circuit Court before Mr. Justice McKenna, then Circuit Judge (76 Fed. 525, 534), the plaintiff, to show that he was able to perform his contract to convey, relied on proof of what he was to receive from the other party to the contract. But the court held that efficient ability to perform the obligations of the contract must actually exist independent of the other party to the contract. Actions for the refusal of a party to complete the sale of goods or merchandise are governed mainly by the same rules that are applicable to land sales. 2 Warvelle on Vendors, p. 962. In McGehee v. Hill, 4 Port. (Ala.) 170, 29 Am. Dec. 277, it was held that a party to prove his readiness and ability to perform a contract for the sale of personal property could not rely on the credit he would obtain by the other party's complying with his part of it. It was required that he should be able to perform independent of the other party. The same ruling is made in Grandy v. McCleese, 47 N. C. 142.

We are of the opinion that the plaintiffs in the court below were not entitled to recover, and that the court erred in directing the verdict for the plaintiffs.

Reversed and remanded.