R. B. BRADLEY, Trustee, Appellant,

v.

Edwin A. APEL, Trustee, Appellee.

No. 17699.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 12, 1975.

Rehearing Denied Jan. 16, 1976.

Buvens & Sellers, and W. Harold Sellers, Houston, for appellant.

**680**

Thorne, Thorne & Robertson, Inc., and Kim R. Thorne, Grand Prairie, for appellee.

## OPINION

MASSEY, Justice.

Both principals in the cause were acting both individually and as trustees for others not identified. No issue is made relative thereto so for our purposes we may treat the suit filed as having been by Edwin A. Apel as plaintiff against R. B. Bradley. It was a suit by Apel to have judgment for the funds of Bradley put up as escrowed funds of one who had contracted to purchase real estate. The escrow agent, initially a party to the suit, was discharged pursuant to transfer of the amount in escrow (less the entitlement of said agent's attorney to a part thereof as attorney's fee) to the registry of the court.

Following trial before the court judgment was rendered for Apel as applied to the remaining escrowed funds and Bradley appealed.

Judgment reversed; judgment rendered that Apel take nothing by his suit against Bradley.

Reason for reversal lies in the fact that Apel failed to prove his case because he was unable to show that there was a date certain set for closing the real estate transaction at which there was breach of contract by Bradley, and that Apel either did or was ready to appear and then and there wholly fulfill those obligations incumbent upon him by his contract to sell, or to show that he was excused from making such proof by prior breach of the contract by Bradley. Another reason for reversal is because of Apel's failure to prove that he ever had a title to convey to Bradley, as promised, or that he had the certain means of acquiring it to convey.

It is shown by the record that it was Apel who was trying to get Bradley to set a date for closing, with Bradley "dillydallying" and neither refusing to close nor committing himself to close at any particular time, until by the force of circumstances "time ran out" as applied to Apel's supposed ability to perform as vendor of the real estate he had contracted to sell. Apel testified there was never a "closing date" set and because of that fact he had not delivered certain instruments to Bradley or the title company which he was obliged to deliver as a condition for performance of the contract by Bradley. We note that there were many things, including tender of a deed from himself to Bradley, which Apel was obliged to perform at or prior to the "closing". These Apel never performed. There never was a "closing" nor a date certain for it to occur.

Apel, himself, never had merchantable title but merely a right to acquire title. Such right was by his own contract to purchase from Kerr Associates, the holder of the legal title. Nothing relative to the Kerr contract was mentioned in the Apel-Bradley contract, it being one which was in form absolute as one whereby Apel had (or would have) a title to convey.

Kerr Associates did serve notice of a time for closing or forfeiture as applied to Apel's contract to purchase the land from them. The demand of Kerr Associates resulted in Apel's release to them of rights held in the property, by contract to purchase, and also the earnest money deposited by him on that contract.

As applied to Apel's contract to purchase from Kerr, Apel did not resist vendor Kerr's claim to forfeit the contract and earnest money deposited thereon.

As applied to Bradley's contract he, Bradley, did resist vendor Apel's claim that he forfeit the earnest money deposited upon his contract to purchase from Apel. It was to obtain the earnest money that Apel sued.

To start at the beginning: January 14, 1974 Apel obtained a contract from Kerr Associates to sell him the land. He put up $10,000.00 earnest money, with proviso in the contract to purchase that he had 120 days from said date in which to exercise his

right to purchase or forfeit such earnest money. By further provision he was afforded an additional 30 days upon increasing the amount of earnest money to $11,000.00. Roughly this meant that Apel possessed the right to enforce his contract to purchase from Kerr Associates until June 13, 1974, for he paid the $1,000.00 for the 30 day extension.

 Thus it is evident for purpose of our discussion at this point that Apel might be treated as having been in position to enforce any proper specific performance by Bradley until date of June 13 but not afterward. The state of the record is such that Apel concedes that his ability to himself perform the contract with Bradley was terminated after such date. He released and surrendered the earnest money he had advanced upon his contract with Kerr. Thereafter he had, as a matter of fact and of law, rendered himself unable to demand specific performance by Bradley. He likewise could have possessed a cause of action against Bradley for breach of contract, but only if Bradley's breach occurred on or prior to June 13; in other words only if there had been a prior breach by Bradley, for Apel had himself, in the eyes of the law, presented himself as in breach of the same contract after June 13, 1974.

Had there been a prior breach by Bradley?

Ordinarily time is not "of the essence" in a contract such as that between Apel and Bradley, though it may be made so by contract of the parties where they provide for the termination and forfeiture of rights of either, as if the purchase money is not paid at or within the agreed time. 58 Tex.Jur.2d 368, "Vendor and Purchaser", Sec. 159, "(Time of Performance) In general"; 59 Tex.Jur.2d 97, "Vendor and Purchaser", Sec. 551, "In general; Contractual forfeiture". Although a clearly expressed provision for a forfeiture will be enforced as written, contracts will be so construed as not to produce a forfeiture if such a construction can be reasonably given. Page 99,

"Vendor and Purchaser", Sec. 553, "Construction of forfeiture provision". Such a provision is for the benefit of the vendor. It gives him the right either to terminate the contract on default of the purchaser or as treating it as continuing in force and to insist on performance. Page 100, "Vendor and Purchaser", in 59 Tex.Jur.2d, Sec. 554, "Right to claim forfeiture"; p. 430 in 58 Tex.Jur.2d, Sec. 214, "Tender of performance by vendor." The right to claim a forfeiture by the purchaser's default may be lost or waived by the vendor as by agreement or by conduct on the part of the vendor in affirmation of the contract and indicating that he regards it as still subsisting notwithstanding a default by the purchaser or by showing an intention not to treat time as being of the essence of the contract. Page 103, "Vendor and Purchaser", in 59 Tex.Jur.2d at Sec. 555, "Loss or waiver of right".

Continuing, from 59 Tex.Jur.2d on "Vendor and Purchaser", see p. 106, Sec. 560, "Notice of forfeiture" where it is stated that in the absence of language plainly dispensing therewith the vendor must, as a rule, give notice of forfeiture or a notice of intention to forfeit within a specified time unless in the meantime the default is made good.

March 1, 1974 was date of the Apel-Bradley contract. In paragraph No. 4 thereof was provided: "The date of Closing of the transaction contemplated by this Agreement (the "Closing Date") shall be ninety (90) days after the date hereof, or such earlier date as Purchaser shall designate in a written notice delivered to Seller . . . ." Paragraph No. 5 thereof provided: "The Closing. On the Closing Date, at the offices of the Title Company, Seller agrees to deliver to Purchaser (a) a good and sufficient General Warranty Deed (the "Deed") duly executed by Seller, granting and conveying unto Purchaser good and marketable title in fee simple absolute to the Property, and containing covenants of general warranty and subject to no liens . . . ." We omit further quotations

since we do not deem them essential to disposition of the appeal in our view of the case.

We do not construe the contract to provide for forfeiture absolutely on May 29, 1974 (90 days from contract date of March 1, 1974); and even assuming that that was a contractual right of Apel to declare Bradley's forfeiture at that time the evidence of record shows a waiver of the right by him. In other words the evidence of record is that never, prior to June 13, 1974, did Apel serve or attempt to serve any notice on Bradley or forfeiture or notice of intention to forfeit within any specified time. As Apel, himself, testified there was never a "closing date" set.

Furthermore the record made in the trial court affirmatively shows that Apel was not ready, willing and able to perform on his part of the contract on May 29, 1974 (90 days from March 1, 1974 when the contract was made) at the offices of the Guardian Title Company in Fort Worth, Texas, where the contract provided the "closing" should occur. For substantial necessary action by Apel to be taken prior to or upon the "closing" he never made arrangement. Of course for him to do so as of May 29 was not necessary in our view, but the facts show that neither was it considered necessary by Apel.

It was a necessary prerequisite for any recovery by Apel that he make proof that he did have the certain means to acquire title to convey to Bradley, and this he failed to do as of May 29, 1974. (And on this we do not mean to hold that May 29 was the material date on which to apply the test of proof, for in view of the state of the record on "waiver" we do not believe that it was.)

In our opinion there was never a positive date set for performance or forfeiture by Bradley prior to the time Apel lost his right to maintain the cause by action by his own "constructive breach" of contract on June 13, 1974 when he lost any power to deal with the title to the subject property. It is true that Bradley was shown to have been effectively avoiding necessity to either disavow the contract or to consent to either his forfeiture or agree to a "closing date" where events might establish that his rights under the contract were forfeit by his breach. The proof established only that Bradley's evasive tactics were effective and successful until that material date had passed without Apel having set a "closing date". Because there was an absence of such in this case there was no breach of contract by Bradley for there was never a disavowal by him of his contractual obligation. We do not mean that if it were otherwise Apel's judgment would have been proper. Apel had additional burden of proof under circumstances of this case.

Even as applied to the question upon Apel's ability to enforce specific performance or declare forfeiture as of May 29, 1974 or at any other time to and inclusive of June 13, 1974, we are of the opinion that Apel must lose his case by principles of law considered by the case of *Brown v. Lee*, 192 F. 817 (CCA, 5th Cir., 1911). That was a near identical case in that there the plaintiff, possessed of an agreement to receive the subject property from one Barefield, had contracted to sell the same to the defendant. Plaintiff was never in position to obtain title from Barefield (intended to be conveyed by plaintiff to defendant) because as a condition to obtaining it he was to pay Barefield $9,000.00 in the form of $3,000.00 cash and $6,000.00 in notes. Plaintiff testified that he had not the $3,000.00 cash wherewith to make the payment, but intended to use part of the money to be received from the defendant's purchase of the property in order to do so. *The court observed that on this the parties, plaintiff and defendant, had not contracted, and that therefore the efficient ability of the plaintiff to perform on his contract with the defendant must actually exist independent of the plaintiff's contract with Barefield as a condition of propriety for judgment for plaintiff.* The holding of the court, supported by substantial cited authority, was

that "Unless the vendor has the title to the land or the certain means of procuring it, he is not ready and able to perform a contract requiring him to convey it by warranty deed to the vendee, and he cannot, therefore, recover in an action for damages for a breach of the contract by the vendee, who withdraws from the contract." The case is cited in 59 Tex.Jur.2d 144, "Vendor and Purchaser", Sec. 603, "Necessity of performance by vendor." See also 58 Tex. Jur.2d 229, "Vendor and Purchaser", Sec. 29, "Property not owned at time of entering contract."

Obviously lacking in *Brown v. Lee* was testimony that Barefield had committed himself to the plaintiff to deliver title to him antecedent to, or as part of the transaction consummation, when plaintiff and defendant would make the exchange of money to plaintiff in exchange for transfer of title to defendant. Like proof is absent in this case. Apel failed to prove that he had the certain means at any time to acquire a title to deliver to Bradley.

We believe the principle of law declared in *Brown v. Lee* to be correct and controlling in this instance. By reason of its application the judgment rendered for Apel against Bradley must be reversed. There is also the additional reason for reversal in that even if Apel had proved his ability to perform no breach of contract on the part of Bradley prior to June 13, 1974, when Apel's rights under the March 1, 1974 contract ceased to exist, was proved.

Judgment is reversed. Judgment is rendered that Edwin A. Apel, Trustee, take nothing by the suit.